IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD DAVIS,

Petitioner,

v.

ROCK COUNTY SHERIFF ROBERT SPODEN, CHIEF DEPUTY BARBRA TILLMAN, C.O. SCHILT, SGT. BEYER, SGT. BURDICK, SGT. LALOR, SGT. SPRECHER, LT. RUSS STEEBER, SGT. MUGHANI, C.O. CRAIG WEBERG, C.O. MICHAEL SCHAUER, C.O. KRAHN, C.O. SIMON, C.O. TAPP, C.O. TECHMEIER, R.N. THAD, C.O. CLEASBY, C.O. VANDENBUREN, RECORDS OFFICE MS. J and KLUSMEYER,

Respondents.

ORDER

08-cv-584-slc

---

On November 25, 2008, I ordered that on or before December 16, 2008, petitioner pay $.08 as an initial partial payment of the $350 fee for filing this case or show cause for his failure to do so. Now petitioner has filed a letter dated December 15, 2008, that I construe as a motion for reconsideration of the decision to require him to pay an initial partial payment.

In support of his motion, petitioner explains that the $1.51 deposit made to his account on June 30, 2008 (the only deposit shown on his earlier submitted trust fund account statement) was the amount of money he had on his person when he was arrested and booked into the Rock County jail. He says that that sum was confiscated immediately by the jail to pay for debts petitioner had incurred during a previous period of confinement. He says that since

June 30, he has had no other deposits made to his account, as purportedly shown by what petitioner refers to as "Exhibit A," a document that he failed to include with his motion.

Under §1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Unfortunately, petitioner's immediate lack of income is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to 28 U.S.C. § 1915(b)(4). In Newlin v. Helman, 123 F.3d at 435, the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

In measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

As noted above, petitioner had one deposit to his account on June 30, 2008, totaling $1.51. From this deposit, I calculated petitioner's initial partial payment as $.08. Section 1915 does not grant courts discretion to reduce or waive an initial partial payment, even if the only deposit made was taken immediately to pay a past debt. Thus, petitioner has two options only. He must either pay the $.08 payment previously assessed or submit a new

trust fund account statement for the period beginning July 1, 2008 and ending January 1, 2009, showing that no deposits have been made to his prison account during that full period. To allow petitioner to select from these options, I will extend to January 20, 2009, the deadline within which he must act.

ORDER

IT IS ORDERED that petitioner is GRANTED an extension of time until January 20, 2009 in which either to pay an initial partial payment of $.08, or to submit a trust fund account statement beginning July 1, 2008 and ending January 1, 2009, showing that he has had no deposits to his account during that entire period. If, by January 20, 2009, petitioner fails to make the initial partial payment or submit the necessary trust fund account statement, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 29th day of December, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge