IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD DAVIS,

                        OPINION and ORDER

           Petitioner,

                        08-cv-584-slc[1]

      v.

ROCK COUNTY SHERIFF ROBERT SPODEN,
CHIEF DEPUTY BARBRA TILLMAN, C.O.
SCHILT, SGT. BEYER, SGT. BURDICK, SGT.
LALOR, SGT. SPRECHER, LT. RUSS STEEBER,
SGT. MUGHANI, C.O. CRAIG WEBERG, C.O.
MICHAEL SCHAUER, C.O. KRAHN, C.O.
SIMON, C.O. TAPP, C.O. TECHMEIER, R.N.
THAD, C.O. CLEASBY, C.O. VANDENBUREN,
RECORDS OFFICE MS. J and C.O. KLUSMEYER,

           Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for injunctive and monetary relief brought pursuant to 42 U.S.C. § 1983, petitioner Donald Davis contends that various respondents violated his constitutional rights by denying his requests for dental treatment and in retaliation for filing

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order only, I am assuming jurisdiction over this case.

grievances for denial of treatment.

Now before the court is petitioner's request for leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915. On October 2, 2008, petitioner submitted a proposed complaint and requested leave to proceed in forma pauperis in this case. The court assessed an initial partial payment of $.08 on November 25, 2008. However, after reviewing petitioner's motion for reconsideration filed on December 18, 2008, in which petitioner stated he was unable to pay because he had no monthly income, and petitioner's more recent trust fund account statement, the court determined that petitioner had no means to make an initial partial payment because he had no deposits in his account during the previous six months. Therefore, petitioner's complaint may be screened without an initial partial payment in accordance with 28 U.S.C. § 1915.

Because petitioner is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

In his complaint, petitioner alleges the following facts.

2

ALLEGATIONS OF FACT

At all times relevant to this complaint, petitioner Donald Davis was a pre-trial detainee at the Rock County jail.

On July 16, 2008, petitioner submitted a medical slip to see a dentist and requested medication for tooth pain. On July 21, 2008, petitioner filed his first grievance regarding his lack of treatment. On July 24, 2008, petitioner gave respondent Ms. J. "an emergency civil claim under 42 U.S.C. § 1983."

Starting on July 26, 2008, whenever petitioner asked to have his pencils sharpened, they were returned much shorter than before, not sharpened at all or would break immediately. Petitioner asked for a grievance to address this issue; however, respondents Schilt and Techmeier refused to give petitioner a grievance.

Detainees are entitled to receive three sheets of paper, two envelopes and a pencil on a weekly basis. On one occasion, petitioner asked C.O. Brown for additional paper, but Brown denied his request and told him to contact respondent Ms. J. Petitioner contacted Ms. J. but received no response. Petitioner later filed a grievance but got no response. On August 27, 2008, petitioner ordered legal paper and pencil from "indigent Commissary" but was denied. He ordered again on September 2 and 5, 2008 but received nothing. Petitioner informed respondents Vandenburen, Burdick, Beyer, Cleasby, Lalor, Beyer and Burdick that he had not received any of these materials.

3

On August 5, 2008, petitioner told respondent Weberg that he needed help for his toothache because he was in excruciating pain. Respondent Weberg merely looked at petitioner and did not answer any of his questions. Because petitioner was in extreme pain, he screamed for help and hit the door and window. Respondent Weberg then ordered petitioner to the ground, handcuffed him and sent him to the booking cells.

While petitioner was waiting in booking, respondent Schauer walked past petitioner but ignored his request for assistance. Eventually respondents Mughani and Schauer came to get him, at which time they handcuffed and assaulted him. Then, petitioner was taken to adjustment segregation, where he passed out. Later that day, he spoke with respondent R.N. Thad, who did nothing. On August 6, 2008, petitioner was sentenced to 10 days in segregation for creating a disturbance while attempting to get medical attention. He appealed this decision to respondent Steeber but the sentence was upheld.

On August 6, 2008, petitioner was told that he would be changed to "Huber status" and on his release from segregation moved to R.E.C.A.P., a program to assist non-violent offenders with substance abuse problems.[2] On August 16, 2008, petitioner asked for an appeal on his grievance that the jail was serving cold meals. After he was given the appeal, petitioner was moved to Unit A-1-7, a "super max high security unit," by respondent Lalor

---

[2] Rock County's Community RECAP Program Helps Offenders Beat Addiction, Cuts Corrections Costs, http://enews.wicounties.org/egov/docs/newsletters/89_83_1405.asp.

4

and has been kept in this unit by respondent Klusmeyer. Petitioner was denied placement in the the R.E.C.A.P. program by respondent Sprecher. Because he was denied placement in R.E.C.A.P., petitioner's probation agent has been seeking revocation of his probation.

On September 14, 2008, petitioner went to see Officer Hillis to retrieve his mail. While petitioner was retrieving his mail, Officer Hillis received a message from respondent Krahn, telling him to send petitioner back to the unit. When petitioner returned, respondent Krahn began yelling because petitioner had failed to close the door when asked. However, petitioner had actually closed the door. Krahn also told petitioner that petitioner had a problem with authority and gave Krahn "that look." Petitioner was taken to the booking room where he remained until 10 p.m.

On September 21, 2008, petitioner requested a pair of pants with an elastic waste band. Respondent Techmeier denied his request, told petitioner "I know you think you are a jail house lawyer." After petitioner reiterated his request for pants, respondent Techmeier clenched his hand into a fist, rearing back to strike petitioner but stopped when petitioner raised his head. Petitioner told respondent Tapp about this incident.

DISCUSSION

I understand petitioner to be asserting several claims arising from the denial of medical attention and filing grievances related to that denial. These claims fall into four

5

categories: (1) deliberate indifference to a serious medical need in violation of the Eighth Amendment, (2) retaliation in violation of his First Amendment rights, (3) denial of due process and (4) excessive force in violation of the Fourth Amendment.

As an initial matter, petitioner appears to have named Robert Spoden and Barbara Tillman because of their supervisory role at the Rock County jail. However, such officials may not be held liable for the actions of others unless they "kn[e]w about the conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye." Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). A sheriff or other supervisory official may not be held liable simply because he or she has authority over a lower ranking officer who is alleged to have violated the petitioner's constitutional rights. Petitioner's complaint contains no allegations that respondents Spoden or Tillman engaged in or were aware of the denial of petitioner's rights. Therefore, he has failed to state a claim for which relief may be granted against these respondents. Further, petitioner names C.O. Simon as a respondent in this case but his complaint contains no allegations regarding Simon. Therefore, his complaint fails to state a claim for which relief may be granted against him as well. Petitioner will be denied leave to proceed against these respondents and they will be dismissed from this lawsuit.

### A. Deliberate Indifference to Serious Medical Need

A prison official violates the Eighth Amendment if he or she is "deliberately indifferent" to a prisoner's "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). The condition does not have to be life threatening. Id. A medical need may be serious if "deliberately withholding of medical care results in needless pain and suffering," Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

"Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Thus, under this standard, petitioner's claim is analyzed in three parts:

(1) Whether petitioner had a serious health care need;

(2) Whether respondent knew that petitioner needed care; and

(3) Despite his awareness of the need, whether respondent failed to take reasonable measures to provide the necessary care.

In this case, petitioner's litany of problems began on July 16, 2008, when he sought permission to visit a dentist for his "excruciating" tooth pain. From petitioner's allegations that he suffered "excruciating pain," it is reasonable to infer that the denial of any treatment

7

could constitute "needless pain and suffering." In his complaint, petitioner identifies three respondents who knowingly denied petitioner medical assistance: Weberg, Shauer and R.N. Thad. On August 5, 2008, petitioner informed both respondents Weberg and Schauer that he was in severe pain because of a toothache. Both respondents allegedly ignored petitioner's request for medical assistance, leaving him to suffer ongoing pain. In addition, after he was allegedly assaulted by respondents Schauer and Mughani, respondent Thad did not treat petitioner's medical needs. (Although petitioner does not specifically identify whether respondent Thad ignored both his tooth pain or injuries resulting from the alleged assault, it is reasonable to infer that Thad failed to treat any of his medical needs at this time.) Therefore, at this stage, petitioner has alleged sufficient facts to state a claim for the violation of his Eighth Amendment rights for deliberate indifference to his medical needs against respondents Weberg, Schauer and Thad and will be granted leave to proceed on this claim.

### B. First Amendment Retaliation Claims

Petitioner alleges that respondents Brown, Techmeier, Schilt, Vandenburen, Burdick, Beyer, Cleasby, Lalor, Krahn and Ms. J. retaliated against him for exercising his First Amendment right to petition the government for redress of his grievances. To satisfy Fed. R. Civ. P. 8's notice requirement, petitioner must do more than say the word "retaliation"

in his complaint. Rather, he must identify the constitutionally protected conduct in which he engaged. Equal Employment Opportunity Commission v. Concentra Health Services, Inc., 496 F.3d 773, 781 (7th Cir. 2007). At a minimum a petitioner needs to specify the protected conduct and the act of retaliation so that the respondents are put on notice of the claim and can file a responsive answer. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). In this case, petitioner is alleging that respondents retaliated against him for exercising his right to file grievances or complaints for denial of medical treatment. Petitioner's retaliation claims fall under his right to petition the government for redress of grievances. Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002); Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005); Black v. Lane, 22 F.3d 1395, 1402-03 (7th Cir. 1994). Therefore, petitioner's speech constitutes protected activity.

    The next question is whether petitioner has specified a retaliatory action sufficiently adverse to raise a constitutional concern. A claim for retaliation requires that the prison official's treatment of petitioner be adverse enough to deter "a person of ordinary firmness" from exercising his constitutional rights. Pieczynski v. Duffy, 875 F.2d 1331, 1333 (7th Cir. 1989). In this case, petitioner has asserted two separate sets of retaliatory acts. The first set deals with the denial of materials to file grievances. The second set involves statements and physical threats against plaintiff because of his practice of filing complaints.

9

1. <u>Denial of legal materials</u>

With respect to petitioner's claim of retaliation regarding his denial of pencils and paper, petitioner identifies two individuals who denied him legal materials: respondents Schilt and Techmeier. Petitioner specifically requested grievance forms and was denied the forms. This act would deter an individual from exercising his First Amendment right because he would be prevented from filing grievance by their refusal to supply the materials. Petitioner will be granted leave to proceed on his claims that respondents Schilt and Techmeier retaliated against him for exercising his First Amendment rights.

In addition, petitioner alleges that he informed respondents Vandenburen, Burdick, Beyer, Cleasby, Lalor and Ms. J. that he had did not receive any legal materials that he requested. It is well established that liability under § 1983 must be based on a respondent's personal involvement in the constitutional violation. <u>Gentry</u>, 65 F.3d at 561 (7th Cir. 1995); <u>Del Raine v. Williford</u>, 32 F. 3d 1024, 1047 (7th Cir. 1994). "A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary." <u>Wolf-Lillie v. Sonquist</u>, 699 F.2d 864, 869 (7th Cir. 1983). None of the allegations in the complaint support an inference that respondents Vandenburen, Burdick, Beyer, Cleasby, Lalor or Ms. J. were involved in the denial of any of the requested legal materials. Therefore, petitioner will be denied leave to proceed on his First Amendment retaliation claim against these respondents.

2. Verbal and physical threats

Petitioner also identifies abusive verbal and physical behavior that he believes are retaliatory acts. The first incident occurred on September 14, 2008, when respondent Krahn yelled at petitioner for not listening to his orders. Although respondent Krahn's allegedly unprovoked harassment of petitioner is unwarranted, there is no suggestion that Krahn's behavior was connected to any of petitioner's efforts to assert his constitutional right to petition the government to redress his grievances. Therefore, petitioner will be denied leave to proceed against respondent Krahn on his retaliation claim and this claim will be dismissed.

Petitioner further alleges that respondent Techmeier engaged in a "retaliatory act" when petitioner made repeated requests for pants with an elastic band. In response to petitioner's request, Techmeier said to petitioner, "I know you think you are a jailhouse lawyer" and then threatened to punch him. Petitioner believes that this statement shows that Techmeier was threatening him because of petitioner's role as a jailhouse lawyer. Unfortunately for petitioner, there is no constitutional right to be free from threats from institution officials. DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) (verbal abuse of prisoners by prison staff does not state claim under Constitution); Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (prison official's use of vulgar language did not violate inmate's civil rights); Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985) (inmate's rights not violated

11

by threat that he would have "bad time" if he refused to cut his hair and shave his beard). Therefore, petitioner will be denied leave to proceed on his additional claim of retaliation against respondent Techmeier.

Before turning to petitioner's other claims, I offer a few words of guidance so that petitioner knows what he will have to prove at later stages in this case to prevail on his retaliation claim. Petitioner will have to show that the exercise of his constitutional right was a motivating factor in respondents decision to harass him. See Mt. Healthy Board of Education v. Doyle, 429 U.S. 274, 287 (1979). In other words, he will have to show that his constitutionally protected conduct was at least one of the reasons that respondents denied him legal materials or grievance forms or threatened him with physical harm. Johnson v. Kingston, 292 F. Supp. 2d 1146, 1153-54 (W.D. Wis. 2003); see also Hasan v. United States Department of Labor, 400 F.3d 1001, 1006 (7th Cir. 2005) (explaining meaning of term "motivating factor"). If petitioner can do this, the burden will shift to respondents to show that they would have treated petitioner the same way even without a retaliatory motive. Id. at 1005-06.

### C. Excessive Force

In determining whether an officer has used excessive force against a prisoner, the question is "whether the force was applied in a good faith effort to maintain or restore

discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320 (1986). The factors relevant to making this determination include the need for the application of force; the relationship between the need and the amount of force that was used; the extent of injury inflicted; the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and any efforts made to temper the severity of a forceful response. Id. at 321. In Hudson v. McMillan, 503 U.S. 1, 9-10 (1992), the Court added that the absence of a significant injury would not bar a prisoner's claim if the officers used more than a minimal amount of force.

In this case, petitioner alleges that he was "handcuffed" and "assaulted" by respondents Mughani and Schauer on August 5, 2008 after respondent Weberg allegedly failed to respond to his requests for treatment. Although petitioner's allegations are quite sparse and conclusory, there appears to have been no need for Mughani and Schauer to use any force on petitioner because he alleges he was not acting out or causing a disturbance. Based on the facts alleged, it is reasonable to infer that the force was used for the purpose of causing harm and therefore, petitioner has stated a claim for the use of excessive force by respondents Mughani and Schauer and will be granted leave to proceed on this claim.

D. Denial of Due Process

13

Petitioner also appears to be alleging a denial of due process for being placed in a "super-max higher security" unit as opposed to being denied placement in the R.E.C.A.P. program. In addition, because he was denied placement in the R.E.C.A.P. program, his probation agent has threatened to revoke his parole.

As an initial matter, under Rule 20, petitioner may not include separate claims against separate defendants in a single suit. As the court of appeals held in George v. Smith, 507 F. 3d 605 (7th Cir. 2007), petitioner may join separate claims in a single lawsuit only if they are asserted against the same respondent, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all respondents will arise in the action." Fed. R. Civ. P. 20. Therefore, a claim that respondents Klusmeyer and Sprecher denied petitioner's right to due process would not belong in the same lawsuit as a claim that different prison officials violated petitioner's rights by denying him medical treatment and retaliating against him for filing complaints related to the denial of medical treatment. However, because he fails to state a claim upon which relief may be granted, petitioner's due process claim is without merit. Rather than serving it under George and giving petitioner a chance to bring his claim in a new lawsuit, which would be futile, I will dismiss it at this time.

First, petitioner cannot bring suit regarding his possible parole revocation at this time because the injury has yet to occur. Therefore, petitioner's request for leave to proceed on

14

this claim would have to be denied. Harris v. Kuba, 486 F.3d 1010, 1014 (7th Cir. 2007) (no recovery under § 1983 unless harm materializes). To the extent, petitioner believes the threat is a "retaliation" for filing his grievances, petitioner must wait to bring a separate lawsuit in the event that his probation is revoked.

Second, a procedural due process claim against government officials requires proof not only of inadequate procedures but of interference with a liberty or property interest. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). In the absence of a protected liberty or property interest, "the state is free to use any procedures it chooses, or no procedures at all." Montgomery v. Anderson, 262 F.3d 641, 644 (7th Cir. 2001). In the prison context, these protected liberty interests are essentially limited to the loss of good-time credits or placement for an indeterminate period of time in one of this country's super-maximum security prisons. Sandin v. Conner, 515 U.S. 472, 483-484 (1995) (liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

In this case, petitioner does not have a liberty interest in being placed in the R.E.C.A.P. program. Stanley v. Litscher, 213 F.3d 340, 342 (7th Cir. 2000) (no liberty interest in rehabilitation program for sexual offenders); Higgason v. Farley, 83 F.3d 807, 809

15

(7th Cir. 1996) (no liberty interest in educational programs, even where participation might lead to accrual of good time credits).  Defendants' failure to place petitioner in this program without due process is not a violation of the Fourteenth Amendment.

Petitioner does not have a protected liberty interest in any kind of housing.  Williams v. Faulkner, 837 F.2d 304, 309 (7th Cir. 1988) (prisoners have no liberty interest in remaining in a particular prison wing);  Hewitt v. Helms, 459 U.S. 460, 468 (1983) ("'[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution'"); Meachum v. Fano, 427 U.S. 215, 225 (1976) (due process clause does not limit interprison transfer even when the new institution is much more disagreeable).  He might have such an interest if the transfer were to a "super-max" security institution.  Wilkinson v. Austin, 545 U.S. 209, 225-26 (2005) (prisoners "must receive notice of the factual  basis leading to consideration for . . . placement [in a supermaximum facility] and a fair opportunity for rebuttal.") Petitioner has not suffered a drastic change in his conditions of confinement that would trigger a due process violation.  Lagerstrom v. Kingston, 463 F.3d 621, 623 (7th Cir. 2006) ("[T]he liberty interest . . . is derived from the drastic change in the conditions of confinement. That kind of change might not be present if, for example, the inmate was already confined to segregation.").  Therefore, petitioner's request to proceed in forma pauperis on this due process claim was violated will be denied and this claim will be

16

dismissed.

ORDER

IT IS ORDERED that

1. Petitioner Donald Davis's request to proceed in forma pauperis is GRANTED with respect to his claims of:

a. deliberate indifference to petitioner's medical needs in violation of the Eighth Amendment against respondents C.O. Weberg, C.O. Schauer and R.N. Thad;

b. retaliation in violation of the First Amendment against respondents C.O. Techmeier and C.O. Schilt; and

c. excessive force in violation of the Fourth Amendment against respondents Sgt. Mughani and C.O. Schauer.

2. Petitioner's request to proceed in forma pauper is DENIED with respect to his claims of:

a. retaliation in violation of the First Amendment against respondents C.O. Vandenburen, Sgt. Burdick, Sgt. Beyer, Cleasby, Sgt. Lalor, C.O. Krahn and Ms. J.

b. denial of due process in violation of the Fourteenth Amendment against respondents Sgt. Sprecher, Sgt. Lalor and C.O. Klusmeyer.

3. For the remainder of this lawsuit, petitioner must send respondents a copy of every

paper or document that he files with the court. Once petitioner has learned what lawyer will be representing respondents, he should serve the lawyer directly rather than respondents. The court will disregard any documents submitted by petitioner unless petitioner shows on the court's copy that he has sent a copy to respondent or to respondent's attorney.

4. Petitioner should keep a copy of all documents for his own files. If petitioner does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

5. Petitioner is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). This court will notify the officials at the Rock County jail of that institution's obligation to deduct payments until the filing fee has been paid in full.

6. Pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on the state defendants.

7. Petitioner's complaint is DISMISSED as to respondents Sheriff Robert Spoden, Chief Deputy Barbara Tillman, Sgt. Beyer, Sgt. Burdick, Sgt. Lalor, Sgt. Sprecher, Lt. Steeber, C.O. Krahn, C.O. Simon, C.O. Tapp, C.O. Cleasby, C.O. Vandeburen, Ms. J and C.O. Klusmeyer for petitioner's failure to state a claim against them on which relief may be granted.

8. Because I have dismissed claims asserted in petitioner's complaint for one of the reasons listed in 28 U.S.C. § 1915(g), a strike will be recorded against petitioner.

Entered this 13th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge