IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD DAVIS,

                   Plaintiff,

v.

ROCK COUNTY SHERIFF ROBERT SPODEN,
CHIEF DEPUTY BARBRA TILLMAN, C.O.
SCHILT, SGT. BEYER, SGT. BURDICK, SGT.
LALOR, SGT. SPRECHER, LT. RUSS STEEBER,
SGT. MUGHANI, C.O. CRAIG WEBERG, C.O.
MICHAEL SCHAUER, C.O. KRAHN, C.O.
SIMON, C.O. TAPP, C.O. TECHMEIER, R.N.
THAD, C.O. CLEASBY, C.O. VANDENBUREN,
RECORDS OFFICE MS. J and KLUSMEYER,

                   Defendants.

ORDER

08-cv-584-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on March 13, 2009, I granted plaintiff's request for leave to proceed against defendants Schilt, Mughani, Weberg, Schauer, Techmeier and Thad for violations of his rights under the First, Fourth and Eighth Amendments. I dismissed his complaint against defendants Sheriff Robert Spoden, Chief Deputy Barbara Tillman, Sgt. Beyer, Sgt. Burdick, Sgt. Lalor, Sgt. Sprecher, Lt. Steeber, C.O. Krahn, C.O. Simon, C. O. Tapp, C.O. Cleasby, C.O. Vandenburen. Ms. J. and C.O. Klusmeyer. On April 29, 2009, I dismissed this case

1

without prejudice pursuant to plaintiff's request.

Now plaintiff has filed a notice of appeal from my March 13, 2009 order screening his complaint. The notice is not accompanied by the $455 fee required for filing an appeal. Therefore, I construe plaintiff's notice of appeal to include a motion for leave to proceed on appeal in forma pauperis.

In determining whether plaintiff may appeal in forma pauperis, I must consider whether he has three strikes under 28 U.S.C. § 1915(g) and, if not, whether he is indigent and whether his appeal is taken in good faith. In this case, plaintiff cannot proceed in forma pauperis on appeal because I must certify that his appeal is not taken in good faith.

I presume plaintiff intends to raise on appeal the claims he raised in his complaint that were dismissed by this court on March 13, 2009. The Court of Appeals for the Seventh Circuit has instructed district courts to find bad faith where a petitioner is appealing the same claims the district court found to be without legal merit in his complaint. Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). Because petitioner is attempting to raise on appeal the same legally meritless claims he raised in his complaint in this court, I must certify his appeal as not being taken in good faith. Therefore, I must certify that his appeal is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, plaintiff cannot proceed with his appeal without prepaying the $455 filing fee unless the

2

court of appeals gives him permission to do so. Pursuant to Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), including a statement of issues that plaintiff intends to present on appeal. Also plaintiff's motion must be accompanied by a copy of this order. Plaintiff should be aware that these documents should be filed in addition o the notice of appeal he has previously filed. If plaintiff does not file a motion requesting review of this order, the court of appeals may not address this court's denial of leave to proceed in forma pauperis on appeal, but rather require plaintiff to pay the entire $455 filing fee before it considers his appeal. If plaintiff fails to pay the fee within the deadline set, the court of appeals ordinarily will dismiss the appeal and order this court to arrange for collection of the fee from plaintiff's prison account.

ORDER

IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis on appeal is DENIED. I certify that plaintiff's appeal is not taken in good faith. The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal

is reflected in the court's financial record.

Entered this 8th day of May, 2009.

                                                  BY THE COURT:

                                                  /s/

                                                  _____
                                                  BARBARA B. CRABB
                                                  District Judge